```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
```

JOHNNIE DRAKE, )
)
       Petitioner, )
)
v. ) No. 1:11-cv-279-SEB-DML
)
SUPERINTENDENT STINE, )
)
       Respondent. )

## Entry Discussing Petition for Writ of Habeas Corpus

      In a prison disciplinary proceeding identified as No. NCF 10-12-0086, Johnnie Drake was found guilty of violating prison rules and was sanctioned. On appeal, that determination was modified and some of the sanctions were dismissed. On January 26, 2011, the Final Reviewing Authority dismissed the suspended time earning class demotion and the earned credit time deprivation. In addition, the disciplinary segregation time was modified to 15 days (time served). The other sanctions, a 30 day loss of commissary and telephone privileges, and a written reprimand, remained.

      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The sanctions which remained after the Final Reviewing Authority modified them were non-custodial. *Mamone v. United States,* 559 F.3d 1209 (11th Cir. 2009); *Virsnieks v. Smith,* 521 F.3d 707, 713 (7th Cir. 2008). A sanction which does not constitute "custody" cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

      As demonstrated above, the "in custody" requirement was not satisfied at the time the action was filed. The action must be dismissed for lack of jurisdiction. The respondent's motion to dismiss [8] is **granted.** Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 05/11/2011

*[Signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana